# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE GALLIMORT,

    *Petitioner*,

vs.

D. W. NEVEN, *et al.,*

    *Respondents*.

2:13-cv-01909-JCM-VCF

ORDER

Petitioner has filed a habeas petition without paying the filing fee or filing a pauper application. It does not appear that a dismissal without prejudice will materially affect a later analysis of the timeliness issue or other issues in regard to a promptly filed new action.[1] The

---

[1] The papers on file and the online docket records of the relevant federal and state courts reflect the following.

Petitioner was convicted in No. C147074 in the Nevada state district court, pursuant to a bench trial, of first degree kidnapping with the use of a deadly weapon and battery with the use of a deadly weapon.

The judgment of conviction was filed on May 26, 1998, and affirmed on direct appeal on March 10, 2000. Petitioner sought state post-conviction relief before the time period for filing a petition for *certiorari* had expired. The state supreme court affirmed the denial of state post-conviction relief on August 7, 2001, and the remittitur issued on September 5, 2001. Absent other tolling or delayed accrual, the federal limitation period expired one year later on September 5, 2002 – well over a decade prior to the filing of the present improperly-commenced action.

Petitioner did file a federal habeas petition previously in No. 3:01-cv-00525-DWH-RAM, which was dismissed on the merits on August 17, 2004, and affirmed on March 15, 2006, as to the handling of other unexhausted claims. Accordingly, when petitioner subsequently filed another petition challenging the same conviction in No. 2:10-cv-00295-JCM-PAL, the court transferred the petition to the court of appeals as an application to file a second or successive petition. On May 20, 2010, in No. 10-71149, the court of appeals denied petitioner authorization to pursue a second or successive petition.

(continued...)

1  present improperly-commenced action therefore will be dismissed without prejudice to the
2  filing of a new action.
3     IT THEREFORE IS ORDERED that this action is DISMISSED without prejudice to the
4  filing of a new petition in a new action accompanied by either the required $5.00 filing fee or
5  a properly completed application to proceed *in forma pauperis*.
6     IT FURTHER IS ORDERED that the clerk shall send petitioner two copies each of an
7  application form to proceed *in forma pauperis* for incarcerated persons and a noncapital
8  habeas petition form, one copy of the instructions for each form, and a copy of the papers that
9  he submitted in this action.
10    The clerk of court shall enter final judgment accordingly, dismissing this action without
11 prejudice.
12    DATED: October 25, 2103.

15    _____
      JAMES C. MAHAN
      United States District Judge

---

[1] (...continued)
The foregoing procedural history reflects that the petition very well may be untimely and successive. The analysis of these and other procedural issues will not be materially impacted by a dismissal of this action without prejudice given that: (a) petitioner would have to establish tolling or delayed accrual over a substantial interval – well over a decade – over and above the short interval between the filing of this action and a new, properly commenced action; and (b) the claims and supporting materials clearly are not newly discovered but instead include photocopies of claims and materials submitted years previously, over a decade previously as to the supporting purported evidentiary materials relied upon.

The court further notes that petitioner has been on notice from prior actions of the need to either pay the filing fee or submit a properly-completed pauper application.  See, e.g., No. 2:09-cv-0222 (dismissed for failure to pay filing fee).

Petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case and properly commencing a timely-filed federal habeas action or other proceeding with exhausted claims.  Nothing in this order grants petitioner authorization to pursue a federal habeas petition or other relief.  The court simply is dismissing this improperly-commenced action without prejudice.